**BLACK BEAUTY TRUCKING, INC. et al., Petitioners,**

v.

**INDIANA DEPARTMENT OF STATE REVENUE, et al., Respondents.**

**GEORGE TRANSFER, INC., et al., Petitioners,**

v.

**STATE of Indiana, et al., Respondents.**

Nos. 49T05–8706–TA–00026, 49T05–8706–TA–00027.

Tax Court of Indiana.

Jan. 7, 1988.

Norman R. Garvin, Andrew K. Light, James H. Hanson, Scopelitis, Garvin & Wickes, Indianapolis, Robert A. Hirsch, Nat. Private Trucking Ass'n, Alexandria, Va., James E. Bourne, J. Anthony Goebel, Wyatt, Tarrant, Combs & Orbison, New Albany, Daniel R. Barney, Robert Digges, Jr., ATA Litigation Center, Alexandria, Va., for petitioners.

Linley E. Pearson, Atty. Gen. by James R. Green, Terry Duga, Deputy Attys. Gen., Indianapolis, for respondents.

FISHER, Judge.

The taxpayers seek partial summary judgment declaring the Indiana supplemental highway user fee (SHU tax), IC 6-6-8-1 et seq., unconstitutional under the Commerce Clause of the United States Constitution. The taxpayers contend that unapportioned flat taxes, such as the SHU tax, inherently discriminate against interstate commerce. The department contends that summary judgment is inappropriate because a genuine issue of material fact exists as to the discriminatory impact of the tax. The department also contends that the SHU tax is constitutional.

> Before proceeding to a consideration of the specific issues involved, several basic principles which govern all constitutional litigation should be mentioned. [W]hether a statute, particularly a tax statute, is wise or expedient is for the legislature to decide, not the courts. An act of the legislature enjoys a strong presumption of constitutionality. A court may not hold an act unconstitutional except on the clearest showing of invalidity. All doubts must be resolved in favor of the statute. Finally, a statute should be construed to sustain its validity, not unreasonably or in a manner resulting in its invalidity. *Taxpayers Lobby of Indiana, Inc. v. Orr* (1974), 262 Ind. 92, 311 N.E. 2d 814, 816 (citations omitted).

Moreover, final jurisdiction concerning interpretation of the United States Constitution is in the Supreme Court of the United States. Principles enunciated in its decisions regarding interpretation of the Commerce Clause are binding upon state courts. *Storen v. J.D. Adams Mfg. Co.* (1937) 212 Ind. 343, 7 N.E.2d 941, *modified on other grounds* (1938), 304 U.S. 307, 58 S.Ct. 913, 82 L.Ed. 1365.

Central to these issues is the meaning of *American Trucking Associations, Inc. v. Scheiner* (1987), —— U.S. ——, 107 S.Ct. 2829, 97 L.Ed.2d 226. The Supreme Court's focus was on the method of taxation rather than the discriminatory impact of taxation, hence this cause may be decided as a matter of law. Thus the Court framed the issue as follows:

> The parties broadly state the constitutional question ... as whether Pennsylvania's flat taxes *result* in a blanket discrimination against interstate commerce.... The precise issue is ... more subtle: do the *methods* by which the flat taxes are assessed discriminate against some participants in interstate commerce in a way that contradicts the central purpose of the Commerce Clause? *Id.* at 2839 (emphasis added).

The Court stated that "[t]he way in which a tax is levied on participants in interstate commerce is measured and assessed bears directly on whether it implicates central Commerce Clause values." *Id.* The Court acknowledged and approved certain taxes on interstate commerce, such as registration taxes and fuel consumption taxes, because such taxes do not impede free trade between the states. The Court did not go so far as to declare all unapportioned flat taxes unconstitutional *per se* under the Commerce Clause, but did impose an "internal consistency" test. To be internally consistent, "a state tax must be of a kind that, 'if applied by every jurisdiction, there would be no impermissible interference with free trade.'" *Id.* at 2840 (citing *Armco, Inc. v. Hardesty* (1984), 467 U.S. 638, 644, 104 S.Ct. 2620, 2623, 81 L.Ed. 2d 540). "If each State imposed flat taxes for the privilege of making commercial entrances into its territory, there is no con-

ceivable doubt that commerce among the States would be deterred." *Scheiner,* 107 S.Ct. at 2840.

The SHU tax is a flat tax unapportioned to actual use of the highways, indistinguishable from Pennsylvania's tax. It fails the internal consistency test because if each state applied a flat tax of this type, i.e., $50 per commercial vehicle passing through its jurisdiction, an impermissible interference with free trade would result. The interstate carrier traveling from New York to Los Angeles through Indiana covers only a fraction of the miles traveled by an Indiana intrastate carrier, yet both pay the same tax. Furthermore, the interstate carrier may be subject to another flat tax in every other state, regardless of whether the miles traveled in a particular state amount to ten or ten thousand. At year's end, the interstate carrier and intrastate carrier might show the same mileage, but the interstate carrier would have paid as much as forty-eight times the tax paid by the intrastate carrier. The discriminatory impact on the interstate carrier is readily apparent.

The department contends that the SHU tax is constitutional because it is a reasonable fee for the use of the highways, equally imposed on all highway users, and allocated according to responsibility for highway costs based on vehicle weight. Although superficially attractive, the contention fails because it is based on the false assumption that the SHU tax is reasonably apportioned. The Supreme Court rejected this "user fee" defense in *Scheiner* because first, the tax did not vary directly with mileage traveled in the state, and second, the tax could be imposed by other states, subjecting the interstate carrier to a greater cumulative tax burden than the single state carrier.

The department urges that since the SHU tax applies equally to locally based and foreign based commercial vehicles, the tax is constitutional. This is the same position urged by Justice Scalia in his dissent, *id.* at 2851, which is rejected by the majority in the decision. *Id.* at 2847 ("Although out-of-state carriers obtain a privilege to use Pennsylvania's highways that is nominally equivalent to that which local carriers receive, imposition of the flat taxes for a privilege that is several times more valuable to a local business than to its out-of-state competitors is unquestionably discriminatory and thus offends the Commerce Clause.").

The department further contends that the SHU tax is a fair and rational allocation of costs for construction and maintenance of highways and that the fees are solely used for highway maintenance. In addition to passing the internal consistency test, such a tax impacting interstate commerce must be fairly apportioned to sustain a Commerce Clause challenge. *Id.* at 2846 (citing *Complete Auto Transit, Inc. v. Brady* (1977), 430 U.S. 274, 281, 97 S.Ct. 1076, 1080, 51 L.Ed.2d 326). The tax in the case at bar is not fairly apportioned. As stated in *Commonwealth Edison Co. v. Montana* (1981), 453 U.S. 609, 626, 101 S.Ct. 2946, 2958, 69 L.Ed.2d 884, "the tax must be reasonably related to the extent of the contact, since it is the activities or presence of the taxpayer in the State that may properly be made to pay a 'just share of state tax burden.'" Here the tax is applied to the type of vehicle which relates to highway damage, but it is not related to the extent of the taxpayer's contact with the state. Hence the tax must fail.

Accordingly, applying the standard stated above in *Taxpayers Lobby of Indiana, Inc. v. Orr* (1974), 262 Ind. 92, 311 N.E.2d 814, 816, to the SHU tax and analyzing it in light of *Scheiner,* the Court is left with the inescapable conclusion that because the SHU tax fails the internal consistency test, and is not fairly apportioned, it is unconstitutional as violative of the Commerce Clause of the United States Constitution.

It IS THEREFORE ORDERED, ADJUDGED, AND DECREED that IC 6–6–8 be and the same is hereby declared to be unconstitutional. Petitioner's motion for partial summary judgment is hereby granted. The respondents and all persons acting under, by, and through, or any of them, are hereby permanently enjoined from collect-

ing any tax pursuant to IC 6–6–8 and from further enforcing IC 6–6–8.