Opinion issued January 15, 2004












     





In The
Court of Appeals
For The
First District of Texas




NOS. 01-02-00400-CR
           01-02-00401-CR




CRAIG D. SHANNON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Criminal Court at Law No. 3 
Harris County, Texas
Trial Court Cause Nos. 5315 and 5316




OPINION ON MOTION FOR REHEARING



          The issue in these appeals is whether the dormant commerce clause prohibits
the City of Houston from passing an ordinance requiring transporters of non-hazardous waste to pay a flat fee to obtain the necessary licenses and permits required
to pick up waste originating within the city limits. Appellant, Craig D. Shannon, was
convicted in municipal court of failing to obtain a transporter permit and operating
a vehicle transporting waste that was not properly designated, and the municipal court
assessed the minimum $250 fine on each charge. Appellant appealed to the county
criminal court at law, which affirmed the municipal court convictions. These appeals
followed. We reverse the judgments and render judgments of acquittal.
Background
          The City of Houston, in an effort “to protect the public sanitary sewer system
from unauthorized waste releases and to deter the discharge of waste into storm
sewers, street rights-of-way and other unauthorized places[,]” passed a series of
ordinances to regulate the transportation and treatment of certain non-hazardous
wastes. See Houston, Tex., Ordinances, art. XI, §§ 47-411–47-566 (1968). The
Houston Code provides:
It shall be unlawful for any person to utilize a motor vehicle or motor
vehicle trailer for the transportation of waste originating within the city
unless the driver of the vehicle has been designated on a current and
valid transporter permit and the vehicle or trailer has been designated on
the permit.

Id. § 47-451.
 
It shall be unlawful for any person to act as a transporter unless the
person holds a current and valid transporter permit or is acting as the
agent or employee of a person who holds a current valid transporter
permit.

Id. § 47-431.
 
Transporter (primary or secondary) means a person who accepts waste
that originates from a location within the city and who uses public
rights-of-way for transportation of the waste. A generator or disposer
who transfers its own waste over city streets for off-site disposal is also
a transporter.

Id. § 47-411.

          To obtain the permits referenced in the ordinances above, the transporter must
pay a $50 permit fee, plus $400 for each class C vehicle requiring a registration decal.
Validity of the Permit and Registration Fees
          In his sole point of error, appellant contends the City’s permit and registration
fees are unconstitutional under the Commerce Clause of the United States
Constitution. See U.S. Const. art. I, § 8, cl. 3. Specifically, appellant, relying on
American Trucking Associations. v. Scheiner, 483 U.S. 266, 107 S. Ct. 2829 (1987),
asserts that the permit and licensing fees created by the municipal ordinances are
prohibited “flat taxes” that unduly burden interstate commerce.
          A state tax will withstand scrutiny under the commerce clause if the tax is (1)
applied to an activity with a substantial nexus with the taxing state, (2) is fairly
apportioned, (3) does not discriminate against interstate commerce, and (4) is fairly
related to the services provided by the state. Complete Auto Transit, Inc. v. Brady,
430 U.S. 274, 279, 97 S. Ct. 1076, 1079 (1977). In this case, appellant contends that
the ordinance is not fairly apportioned.
          To determine whether a tax is fairly apportioned, we must determine whether
it is internally consistent. See Goldberg v. Sweet, 488 U.S. 252, 261, 109 S. Ct. 582,
589 (1989). To be internally consistent, a tax must be structured so that, if every state
were to impose an identical tax, no multiple taxation would result. Id. Thus, the
internal consistency test focuses on the text of the challenged statute and hypothesizes
a situation in which other States have passed an identical statute. Id.
          In Scheiner, the state of Pennsylvania passed a permit fee and axel tax, which
applied to all motor carriers, whether registered in Pennsylvania or elsewhere. Id.,
483 U.S. at 274, 107 S. Ct. 2829, 2835. The Supreme Court held that the so called
“flat” or unapportioned taxes were internally inconsistent by stating:
If each State imposed flat taxes for the privilege of making commercial
entrances into its territory, there is no conceivable doubt that commerce
among the States would be deterred.

Id., 483 U.S. at 284, 107 S. Ct. at 2840. The Court noted that the flat taxes
“discriminate against out-of-state vehicles by subjecting them to a much higher
charge per mile traveled in the State, and they do not even purport to approximate
fairly the cost or value of the use of Pennsylvania’s roads.” Id., 483 U.S. at 290, 107
S. Ct. at 2844. Thus, the fee structure in Scheiner was held to be internally
inconsistent because a trucker traveling cross-country would be subject to paying
multiple, unapportioned fees for the privilege of using each separate state’s highways.
          The fee structure invalidated in Scheiner is very similar to that imposed in the
present case. First, the City’s flat tax charges the interstate transporter the same fee
that it charges an intrastate transporter. Although this is a facially non-discriminatory
tax, the out-of-state transporter who makes just one entry a year into Houston to load
waste must pay the same fee as a local hauler who loads waste in Houston on a daily
basis.
          Second, although it is true that only transporters of waste originating in
Houston are subject to the tax, if each state, or, in this case, each municipality, were
to charge transporters an annual flat fee for the privilege of loading waste in its city,
transporters would be encouraged to conduct only local transport of waste, rather than
attempt to pay the multiple registration fees necessary to conduct their business on
an interstate basis. See Scheiner, 483 U.S. 286, 107 S. Ct. at 2842 (stating that the
flat tax at issue had “a forbidden impact on interstate commerce because it exerts an
inexorable hydraulic pressure on interstate business to ply their trade within the State
that enacted the measure rather than ‘among the several States.’”).
 
          Since Scheiner, many jurisdictions that have considered flat, annual, motor
vehicle taxes, similar to those in this case, have struck them down as unconstitutional
burdens on interstate commerce. See Trailer Marine Transp. Corp. v. Rivera
Vazquez, 977 F.2d 1, 10 (1st Cir. 1992) (invalidating flat $35 trailer fee with optional
reduction for transient trailers because “the cost of paying for trailer accidents in
Puerto Rico is borne disproportionately by out-of-state transient trailers”); Gov’t
Suppliers Consol. Servs., Inc. v. Bayh, 975 F.2d 1267, 1281 (7th Cir. 1992)
(invalidating flat registration and licensing fee for solid waste transporters and noting
that “[f]or the truck that hauls garbage only occasionally, the per-haul cost of the
registration fee will be many times the cost to a hauler of in-state waste.”); Black
Beauty Trucking, Inc. v Ind. Dept. of State Revenue, 527 N.E.2d 1163, 1165 (Ind.
Tax. Ct. 1988) (holding flat supplemental highway user fee invalid because tax was
unapportioned and “not related to the extent of the taxpayer’s contact with the
state.”); Am. Trucking Assns. v. Sec’y of State, 595 A.2d 1014, 1017 (Me. 1991)
(citing Scheiner and invalidating annual $25-per-truck hazardous material
transportation license); Am. Trucking Assns., Inc. v. Sec’y of Admin., 613 N.E.2d 95,
100 (Mass. 1993) (invalidating flat registrations and licensing fees for motor carriers
and noting that “local trucks derive far greater economic benefit from each of the
challenged fees paid than do interstate trucks.”).
          We agree with the authorities above and conclude that the $50 permit fee and
the $400 registration-decal fee are unconstitutional because they are not fairly
apportioned, as required by Scheiner. 
Conclusion
          We reverse the judgments of the county criminal court at law, order that the
informations be dismissed, and render judgments of acquittal.
 
 
                                                                        Sherry Radack
                                                                        Chief Justice

Panel consists of Chief Justice Radack and Justices Nuchia and Hanks.

Publish. Tex. R. App. P. 47.2(b).