Craig D. SHANNON, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 01–02–00400–CR, 01–02–00401–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 15, 2004.

Rehearing Overruled April 8, 2004.

Michelle Marie Samadany–Farme, Lorance & Thompson, P.C., Houston, TX, for Appellant.

Bonita Carol Tolbert, Assistant City Attorney, Anthony W. Hall, Jr., City Attorney—Houston, Houston, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices NUCHIA and HANKS.

## OPINION ON MOTION FOR REHEARING[1]

SHERRY RADACK, Chief Justice.

The issue in these appeals is whether the dormant commerce clause prohibits the City of Houston from passing an ordinance requiring transporters of non-hazardous waste to pay a flat fee to obtain the necessary licenses and permits required to pick up waste originating within the city limits. Appellant, Craig D. Shannon, was convicted in municipal court of failing to obtain a transporter permit and operating a vehicle transporting waste that was not properly designated, and the municipal court assessed the minimum $250 fine on each charge. Appellant appealed to the county criminal court at law, which affirmed the municipal court convictions. These appeals followed. We reverse the judgments and render judgments of acquittal.

## Background

The City of Houston, in an effort "to protect the public sanitary sewer system from unauthorized waste releases and to deter the discharge of waste into storm

---

1. Because we were of the opinion that appellant's motion for rehearing was meritorious, we granted the motion and reconsidered the case. We now withdraw our previous opinion and judgment of February 27, 2003, and issue this opinion in its stead.

sewers, street rights-of-way and other unauthorized places[,]" passed a series of ordinances to regulate the transportation and treatment of certain non-hazardous wastes. *See* HOUSTON, TEX., ORDINANCES, art. XI, §§ 47–411—47–566 (1968). The Houston Code provides:

> It shall be unlawful for any person to utilize a motor vehicle or motor vehicle trailer for the transportation of waste originating within the city unless the driver of the vehicle has been designated on a current and valid transporter permit and the vehicle or trailer has been designated on the permit.

*Id.* § 47–451.

> It shall be unlawful for any person to act as a transporter unless the person holds a current and valid transporter permit or is acting as the agent or employee of a person who holds a current valid transporter permit.

*Id.* § 47–431.

> Transporter (primary or secondary) means a person who accepts waste that originates from a location within the city and who uses public rights-of-way for transportation of the waste. A generator or disposer who transfers its own waste over city streets for off-site disposal is also a transporter.

*Id.* § 47–411.

To obtain the permits referenced in the ordinances above, the transporter must pay a $50 permit fee, plus $400 for each class C vehicle requiring a registration decal.

## Validity of the Permit and Registration Fees

In his sole point of error, appellant contends the City's permit and registration fees are unconstitutional under the Commerce Clause of the United States Constitution. *See* U.S. CONST. art. I, § 8, cl. 3.

Specifically, appellant, relying on *American Trucking Associations. v. Scheiner*, 483 U.S. 266, 107 S.Ct. 2829, 97 L.Ed.2d 226 (1987), asserts that the permit and licensing fees created by the municipal ordinances are prohibited "flat taxes" that unduly burden interstate commerce.

■ A state tax will withstand scrutiny under the commerce clause if the tax is (1) applied to an activity with a substantial nexus with the taxing state, (2) is fairly apportioned, (3) does not discriminate against interstate commerce, and (4) is fairly related to the services provided by the state. *Complete Auto Transit, Inc. v. Brady*, 430 U.S. 274, 279, 97 S.Ct. 1076, 1079, 51 L.Ed.2d 326 (1977). In this case, appellant contends that the ordinance is not fairly apportioned.

■ To determine whether a tax is fairly apportioned, we must determine whether it is internally consistent. *See Goldberg v. Sweet*, 488 U.S. 252, 261, 109 S.Ct. 582, 589, 102 L.Ed.2d 607 (1989). To be internally consistent, a tax must be structured so that, if every state were to impose an identical tax, no multiple taxation would result. *Id.* Thus, the internal consistency test focuses on the text of the challenged statute and hypothesizes a situation in which other States have passed an identical statute. *Id.*

In *Scheiner*, the state of Pennsylvania passed a permit fee and axel tax, which applied to all motor carriers, whether registered in Pennsylvania or elsewhere. *Id.*, 483 U.S. at 274, 107 S.Ct. 2829, 2835, 97 L.Ed.2d 226. The Supreme Court held that the so called "flat" or unapportioned taxes were internally inconsistent by stating:

> If each State imposed flat taxes for the privilege of making commercial entrances into its territory, there is no conceivable doubt that commerce among the States would be deterred.

*Id.,* 483 U.S. at 284, 107 S.Ct. at 2840. The Court noted that the flat taxes "discriminate against out-of-state vehicles by subjecting them to a much higher charge per mile traveled in the State, and they do not even purport to approximate fairly the cost or value of the use of Pennsylvania's roads." *Id.,* 483 U.S. at 290, 107 S.Ct. at 2844. Thus, the fee structure in *Scheiner* was held to be internally inconsistent because a trucker traveling cross-country would be subject to paying multiple, unapportioned fees for the privilege of using each separate state's highways.

■ The fee structure invalidated in *Scheiner* is very similar to that imposed in the present case. First, the City's flat tax charges the interstate transporter the same fee that it charges an intrastate transporter. Although this is a facially non-discriminatory tax, the out-of-state transporter who makes just one entry a year into Houston to load waste must pay the same fee as a local hauler who loads waste in Houston on a daily basis.

Second, although it is true that only transporters of waste originating in Houston are subject to the tax, if each state, or, in this case, each municipality, were to charge transporters an annual flat fee for the privilege of loading waste in its city, transporters would be encouraged to conduct only local transport of waste, rather than attempt to pay the multiple registration fees necessary to conduct their business on an interstate basis. *See Scheiner,* 483 U.S. at 286, 107 S.Ct. at 2842 (stating that the flat tax at issue had "a forbidden impact on interstate commerce because it exerts an inexorable hydraulic pressure on interstate business to ply their trade within the State that enacted the measure rather than 'among the several States.' ").

Since *Scheiner,* many jurisdictions that have considered flat, annual, motor vehicle taxes, similar to those in this case, have struck them down as unconstitutional burdens on interstate commerce. *See Trailer Marine Transp. Corp. v. Rivera Vazquez,* 977 F.2d 1, 10 (1st Cir.1992) (invalidating flat $35 trailer fee with optional reduction for transient trailers because "the cost of paying for trailer accidents in Puerto Rico is borne disproportionately by out-of-state transient trailers"); *Gov't Suppliers Consol. Servs., Inc. v. Bayh,* 975 F.2d 1267, 1281 (7th Cir.1992) (invalidating flat registration and licensing fee for solid waste transporters and noting that "[f]or the truck that hauls garbage only occasionally, the per-haul cost of the registration fee will be many times the cost to a hauler of in-state waste."); *Black Beauty Trucking, Inc. v. Ind. Dept. of State Revenue,* 527 N.E.2d 1163, 1165 (Ind.Tax.Ct.1988) (holding flat supplemental highway user fee invalid because tax was unapportioned and "not related to the extent of the taxpayer's contact with the state."); *Am. Trucking Assns. v. Sec'y of State,* 595 A.2d 1014, 1017 (Me.1991) (citing *Scheiner* and invalidating annual $25–per–truck hazardous material transportation license); *Am. Trucking Assns., Inc. v. Sec'y of Admin.,* 415 Mass. 337, 613 N.E.2d 95, 100 (1993) (invalidating flat registrations and licensing fees for motor carriers and noting that "local trucks derive far greater economic benefit from each of the challenged fees paid than do interstate trucks.").

We agree with the authorities above and conclude that the $50 permit fee and the $400 registration-decal fee are unconstitutional because they are not fairly apportioned, as required by *Scheiner.*

## Conclusion

We reverse the judgments and render judgments of acquittal.